

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

| | |
|---|---|
| 970 Broad Street, Suite 700 | 973/645-2700 |
| Newark, NJ 07102 | |

SLM/PL AGR
2008R00175/ND

January 16, 2009

Eric R. Breslin, Esq.
Duane Morris LLP
Suite 1200
744 Broad Street
Newark, New Jersey 07102

Michael D'Alessio, Jr., Esq.
Walder Hayden & Brogan
5 Becker Farm Road
Suite 3
Roseland, New Jersey 07068

09-823

Re: <u>Plea Agreement with Nilesh Dasondi</u>

Dear Messrs. Breslin and D'Alessio:

This letter sets forth the plea agreement between your client, Nilesh Dasondi, and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on February 16, 2009.

<u>Charge</u>

Conditioned on the understandings specified below, this Office will accept a guilty plea from Nilesh Dasondi to a one-count information that charges conspiracy to launder the proceeds of trafficking in documents relating to legal resident status, in violation of 18 U.S.C. § 1956(h). If Nilesh Dasondi enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Nilesh Dasondi for trafficking in documents relating to legal resident status, laundering the proceeds of such trafficking, or conspiring to defraud the United States and agencies thereof, for the period between in or about January 2002 through in or about June 2008. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not

remain in full force and effect, defendant agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Nilesh Dasondi may be commenced against him, notwithstanding the expiration of the limitations period after Nilesh Dasondi signs the agreement.

Sentencing

The violation of 18 U.S.C. § 1956(h) to which Nilesh Dasondi agrees to plead guilty carries a statutory maximum prison sentence of 20 years, and a statutory maximum fine equal to the greatest of: (1) $500,000; (2) twice the value of the property involved in the transaction; (3) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (4) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Nilesh Dasondi is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Nilesh Dasondi ultimately will receive.

Further, in addition to imposing any other penalty on Nilesh Dasondi, the sentencing judge: (1) will order Nilesh Dasondi to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Nilesh Dasondi to pay restitution pursuant to 18 U.S.C. §§ 3663 et seq.; (3) must order forfeiture, pursuant to 18 U.S.C. § 982; and (4) pursuant to 18 U.S.C. § 3583, may require Nilesh Dasondi to serve a term of supervised release of not more than 3 years, which will begin at the expiration of any term of imprisonment imposed. Should Nilesh Dasondi be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Nilesh Dasondi may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on

post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of this Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Nilesh Dasondi by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Nilesh Dasondi's activities and relevant conduct with respect to this case.

Stipulations

This Office and Nilesh Dasondi agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Nilesh Dasondi from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Nilesh Dasondi waive certain rights to file an appeal, collateral attack, writ or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Forfeiture

Defendant Nilesh Dasondi agrees that as part of his acceptance of responsibility and pursuant to 18 U.S.C. § 982 he will forfeit to the United States a total of $285,730.82 in United States currency as set forth in Schedule B. It is agreed that these funds were property involved in an offense in violation of 18 U.S.C. § 1956 or are traceable to such property and therefore are subject to forfeiture. Defendant Nilesh Dasondi hereby waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment. Finally, this agreement on the part of Nilesh Dasondi to forfeit to the government shall in no way prevent the sentencing judge from ordering restitution and/or imposing a fine, if the judge decides to do so in his or her discretion.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Nilesh Dasondi. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil proceeding against Nilesh Dasondi.

No Other Promises

## No Other Promises

This agreement constitutes the plea agreement between Nilesh Dasondi and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

RALPH J. MARRA, JR.
Acting United States Attorney

By: SANDRA L. MOSER
Assistant U.S. Attorney

APPROVED:

Kevin M. O'Dowd, Chief
Securities & Healthcare Fraud Unit

I have received this letter from my attorneys, Eric R. Breslin, Esq. and Michael D'Alessio, Jr., Esq. I have read it, and I understand it fully. I hereby accept the terms and conditions set forth in this letter and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

AGREED AND ACCEPTED:

_____  Date: 2/18/2009
Nilesh Dasondi

_____  Date: 2/18/09
Eric R. Breslin, Esq.

_____  Date: 2/18/09
Michael D'Alessio, Jr., Esq.
Joseph A Hoyden JR

- 6 -

<u>Plea Agreement With Nilesh Dasondi</u>

<u>Schedule A</u>

1. This Office and Nilesh Dasondi recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Nilesh Dasondi nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Nilesh Dasondi within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and Nilesh Dasondi further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2008, applies in this case. The applicable guideline is U.S.S.G. §2S1.1.

3. Defendant committed the underlying offense of trafficking in documents relating to legal resident status, and would be accountable for the underlying offense under U.S.S.G. §1B1.3(a)(1)(A) (relevant conduct), and the offense level for the underlying offense can be determined:

> A. The applicable guideline for the underlying offense is U.S.S.G. §2L2.1. The Base Offense Level for the underlying offense is 11.
>
> B. Specific Offense Characteristic U.S.S.G. §2L2.1(b)(2)(B) applies in that the underlying offense involved 25-99 documents. This Specific Offense Characteristic results in an increase of 6 levels.
>
> C. The cumulative offense level for the underlying offense is 17.

Accordingly, pursuant to U.S.S.G. §2S1.1(a)(1), the Base Offense Level is 17.

4. Defendant's conviction is under 18 U.S.C. § 1956. Pursuant to U.S.S.G. §2S1.1(b)(2)(B), an upward adjustment of 2 levels is appropriate.

5. The offense committed by defendant involved sophisticated laundering. Pursuant to U.S.S.G. §2S1.1(b)(3), an upward adjustment of 2 levels is appropriate.

- 7 -

6. As of the date of this letter, Nilesh Dasondi has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Nilesh Dasondi's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. §3E1.1(a).

7. As of the date of this letter, Nilesh Dasondi has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently. If Nilesh Dasondi enters a plea pursuant to this agreement and qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and if in addition Nilesh Dasondi's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater, Nilesh Dasondi will be entitled to a further 1-point reduction in his level pursuant to U.S.S.G. § 3E1.1(b).

8. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Nilesh Dasondi is 18 (the "agreed total Guidelines offense level").

9. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level of 18 is reasonable.

10. Nilesh Dasondi knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 18. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 18. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that

stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

11. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.

<u>Plea Agreement With Nilesh Dasondi</u>

<u>Schedule B</u>

<u>Seized Assets</u>

    1.   Approximately $285,730.82 in United States currency seized from the following accounts:

| Amount Seized | Bank Name & Account Number | Account Holder |
|---|---|---|
| $72,191.55 | Wachovia Bank Edison, NJ Account # 200004696638 | Cygate Software & Consulting |
| $4,425.33 | Wachovia Bank, Edison, NJ Account # 2000011546580 | Cygate Software & Consulting |
| $70,756.21 | Wachovia Bank, Edison, NJ Account # 2000030965113 | Cygate Software & Consulting |
| $138,357.73 | Wachovia Bank Edison, NJ Account # 2000037684604 | iTrendz |

    2.   Approximately $11,191.00 in United States currency seized during the execution of search warrant:

| Amount Seized | Source |
|---|---|
| $6,956.00 | Cash |
| $135.00 | MoneyGram Money Order #5611715673 |
| $500.00 | MoneyGram Money Order #5611715671 |
| $500.00 | MoneyGram Money Order #5611715672 |
| $1000.00 | Western Union Money Order #08-919035881 |
| $1000.00 | Western Union Money Order #08-919035880 |

| $600.00 | U.S. Postal Money Order #12375034751 |
|---------|--------------------------------------|
| $500.00 | U.S. Postal Money Order #12375034762 |